IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHER DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TERRI PAIGE RILEY**  PLAINTIFF

VS.  CAUSE NO: 3:09CV674HTW-LRA

**BLUE CROSS & BLUE SHIELD OF MISSISSIPPI and
THE ELECTRIC POWER ASSOCIATION OF MISSISSIPPI
GROUP BENEFITS TRUST**  DEFENDANTS

---

## COMPLAINT

---

COMES NOW, the Plaintiff, Terri Page Riley, and files this her Complaint to recover damages due under an employee welfare benefit plan governed by the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff would respectfully show unto the Court the following:

1.

Plaintiff, Terri Page Riley, is an adult resident citizen of Collierville, Shelby County, Tennessee.

2.

Defendant, Blue Cross & Blue Shield of Mississippi (hereinafter "BCBS of MS"), a Mutual Insurance Company, is a company established for the purpose of providing health benefits in the state of Mississippi and may be served with process of this Court by service upon the Mississippi Commissioner of Insurance, Mike Chaney, at the Mississippi Insurance Department, 1001 Woolfolk State Office Building, 501 N. West St., Jackson, MS 39201. Process may also be served upon its agent for service of process, John H. Proctor, at 3545 Lakeland Drive, Flowood, MS 39232. BCBS

of MS is the Third-Party Administrator (hereinafter "TPA") of the Plan. At all times relevant hereto, the Plan relied on BCBS of MS to make any and all coverage determinations.

3.

Defendant, Electric Power Association of Mississippi Group Benefits Trust, is a Mississippi registered, non-profit entity which may be served with process upon its registered agent, Michael Callahan, at 665 Highland Colony Parkway, Ridgeland, MS 39157 (hereinafter "the Plan"). The Plan is an "employee welfare benefit plan" as that term is defined in ERISA § 3(1), 29 U.S.C. § 1003(1).

4.

This Court has federal jurisdiction under 28 U.S.C. § 1131, and under ERISA § 502(a), 29 U.S.C. § 1132(a) for denial of benefits and breach of fiduciary duty.

5.

On or about October 19, 1998, Plaintiff's husband, James P. Riley, III, began employment with North Central Electric Power Association, a participating employer in EPA's Group Benefits Trust. Approximately three months after Mr. Riley was employed by North Central Electric Power Association, he and the Plaintiff became covered beneficiaries of the Plan.

6.

Plaintiff suffers from gastroparesis, a chronic, incurable dysmotility of the stomach that causes nausea, vomiting, bloating, and abdominal pain. Patients with gastroparesis have difficulty eating solid foods because the stomach muscles do not function and, thus, the normal action of peristalsis cannot occur.

7.

After trying all conventional medication remedies, on or about August 15, 2005, the Plaintiff underwent implantation of gastric electric stimulation (hereinafter "GES"), also known as Enterra

Therapy, as treatment for her gastroparesis. The implantation of the gastric electric stimulation was paid for by the Plan after the Plan's then third party adminstrator performed a detailed review, including sending Ms. Riley's medical records to outside medical reviewers, before deciding that GES was a covered benefit that was medically necessary in Plaintiff's case..

8.

In 2000, GES was approved by the FDA under a humanitarian device exemption pursuant to 21 U.S.C. § 360j. The FDA found that the device is safe, and that the probable benefits outweigh the risks. Humanitarian device exemptions are commonly used for treatments that will affect fewer than 4,000 Americans each year. GES is effective in treating the symptoms of gastroparesis. Indeed, in Plaintiff's case, GES completely alleviated her symptoms and she was able to eat, work, and have a normal social life.

9.

Because of the severity of the Plaintiff's illness, the battery on the device expired, and a new battery was installed on or about December 10, 2007. The installation of the new battery also was paid for by the Plan.

10.

In or around the Spring of 2009, the battery on Plaintiff's device again failed and required replacement. Ms. Riley's surgeon, Dr. William Gibson, attempted to obtain prior authorization of the battery replacement. On or about June 3, 2009, BCBS of MS sent Plaintiff a letter stating that prior authorization review is not available for this service. This put the Plaintiff in the position of having to have the surgery without knowing whether the Plan would pay for it. Indeed, the Plaintiff's surgeon refused to perform the surgery without either a prior authorization or payment in advance.

11.

Because this would have involved severe financial hardship, Mr. Riley, through counsel, contacted the Plan directly asking the Plan to direct its TPA to conduct a prior authorization review of the surgery. On or about June 19, 2009, the Plan requested Ms. Riley's medical records and other documentation. These materials were submitted on the same day. On or about June 23, 2009, the Plan informed Ms. Riley's counsel that it would be forwarding the materials to BCBS of MS for review.

12.

On or about July 16, 2009, Plaintiff received a letter from Defendant, BCBS, advising her that the procedure to replace the battery for the gastric electrical stimulator was denied because gastric electrical stimulation was considered investigational for the treatment of gastroparesis of diabetic or idiopathic etiology. The bases for denial by the Plan Administrator are in direct contradiction to the fact that the Plaintiff already was approved for gastric electrical stimulation in 2005, and was also approved for the initial battery replacement in 2007, after the Plan and it's then-TPA did a careful analysis of the medical necessity of GES. Indeed, since the Plaintiff has had the GES device since 2005, she can say with certainty that it works since she is critically ill without it – such as when the battery dies and she must await replacement – and is virtually asymptomatic with the device. The July 16, 2009, letter from BCBS also failed to recite the Plaintiff's appeal rights, therefore not providing the Plaintiff with a full and fair review, in violation of ERISA.

13.

The Plan's Summary Plan Description instructs members to file a request for appeal to the address specified in the denial. Appeals from denials of prior authorization are to be adjudicated within thirty (30) days of the filing of the appeal. Appeals from denials of claims post-service are to be adjudicated within sixty (60) days of the filing of the appeal.

14.

The Plaintiff filed an appeal with BCBS of MS at the address contained in the denial letter on or about July 22, 2009. No response was received.

15.

After the expiration of thirty (30) days, Plaintiff again contacted the Plan directly, through counsel, and asked if a response to her appeal would be forthcoming. The Plan did not answer this question.

16.

On or about July 31, 2009, after being told by her doctor that she no longer could delay the surgery to replace the battery in her GES device because of the threat to her life and health, Ms. Riley had the battery replaced. Within days, she was able to eat and return to work.

17.

On or about September 8, 2009, Plaintiff received an Explanation of Benefits stating that BCBS of MS needed "medical necessity documentation." Plaintiff, through counsel, wrote BCBS of MS, directing it to the July 22, 2009 appeal, which contained voluminous medical necessity documentation. In addition, on information and belief, BCBS of MS requested, and was provided, a copy of the operative report.

18.

On or about October 6, 2009, Plaintiff received an Explanation of Benefits stating that the claim was denied because the service was "not medically necessary." Again, through counsel, Plaintiff referred BCBS of MS to the July 22, 2009 appeal, which remained pending, to which no response ever has been received.

19.

The Defendants, BCBS and the Plan, violated their obligations under ERISA when they denied coverage of the procedure to replace the battery for the gastric electrical stimulator. The Plaintiff has incurred over $43,364.27 in medical bills for which the Defendants are jointly and severally liable.

FIRST COUNT – CLAIM FOR BENEFITS (ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1):

20.

Paragraphs 1 through 19 are hereby incorporated by reference as if fully set forth herein.

21.

The Plan has no legitimate basis for refusing to cover the replacement of the battery in the GES device in light of its coverage of the implantation of the device in 2005 and the replacement of the battery in 2007, and, as such, its denial of coverage is arbitrary and capricious.

22.

Plaintiff is entitled to recover benefits due to her under the terms of the Plan and to enforce her rights under the terms of the Plan pursuant to ERISA § 502 (a), 29 U.S.C. § 1132(a).

SECOND COUNT – BREACH OF FIDUCIARY DUTY (ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2)):

23.

Paragraphs 1 through 19 are hereby incorporated by reference as if fully set forth herein.

24.

Defendants are fiduciaries under ERISA § 3(21), 29 U.S.C. § 1103(21), in that they both exercise discretionary authority and control respecting the management of the Plan. In addition, the Defendants are co-fiduciaries, so that each is liable for the breach of the other.

25.

Defendants failed and refused to advise Plaintiff of her right to appeal under the Plan, as required under ERISA § 503, 29 U.S.C. § 1133.

26.

Defendants failed and refused to rule on or otherwise respond to the Plaintiff's appeal, which has been pending for more than 90 days, in stark violation of the Plan language.

27.

Defendants arbitrarily and capriciously denied coverage of the replacement battery despite the fact that the Plan covered the original implantation in 2005 and the replacement of the battery in 2007.

28.

By and through these acts and omissions, Defendants breached their fiduciary duties of care and prudence set forth in ERISA § 404(a), 29 U.S.C. § 1104(a).

WHEREFORE, Plaintiff seeks the following:

1. Coverage of any and all costs associated with the July 31, 2009 procedure, or $43,364.27, pursuant to ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1).

2. Damages for breach of fiduciary duty pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

3. Attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. §1132(g), which are appropriate here because (a) Defendants have engaged in malicious and intentional acts of bad faith, (b) the Defendants have the financial ability to satisfy an award of attorneys' fees, (c) an award of attorneys' fees against the Defendants would deter other persons acting under similar circumstances, (d) the Plaintiff made several attempts to resolve the issues between her and the Defendants without the necessity of

litigation, and (e) the Defendants previously paid to have the gastric electrical stimulator implanted in the Plaintiff's body, the Defendants paid to initially replace the battery for the gastric electrical stimulator, and now the Defendants have denied payment for the procedure to replace the battery a second time.

4. Such other and further relief as the Court deems appropriate.

Respectfully submitted,

TCG & MCCOOL, PLLC

GRADY L. "MAC" MCCOOL, III
JEFFREY D. KNIGHT
Attorneys for Plaintiff, Terri Page Riley

TCG & MCCOOL, PLLC
Grady L. "Mac" McCool, III, MSB# 100695
120 N. Congress St., Suite 220
Jackson, MS 39201
Telephone: (601) 326-0560
Facsimile: (601) 914-1511
Email: mac@tcgmccool.com

TABOR, CHHABRA, & GIBBS, P.A.
Jeffrey D. Knight, MSB# 102335
120 N. Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone: 601-914-1512
Fascimile: 601-914-1511
Email: jknight@tcglegal.com

ATTORNEYS FOR THE PLAINTIFF