IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TERRI PAIGE RILEY                                              PLAINTIFF

VS.                               CIVIL ACTION NO. 3:09cv674 HTW-LRA

BLUE CROSS & BLUE SHIELD OF MISSISSIPPI and
THE ELECTRIC POWER ASSOCIATION OF MISSISSIPPI
GROUP BENEFITS TRUST                            DEFENDANTS

## ANSWER AND DEFENSES OF THE ELECTRIC POWER ASSOCIATIONS OF MISSISSIPPI GROUP BENEFITS TRUST PLAN

COMES NOW The Electric Power Associations of Mississippi Group Benefits Trust Plan, erroneously named The Electric Power Association of Mississippi Group Benefits Trust in plaintiff's Complaint, one of the defendants herein, by and through counsel, and files its Answer and Defenses to plaintiff's Complaint filed against it, as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this defendant upon which relief may be granted and must be dismissed pursuant to F.R.C.P. 12(b)(6).

### SECOND DEFENSE

### ANSWER

Without waiving its right to be heard regarding the above defense, this defendant responds to the allegations of plaintiff's Complaint, paragraph by paragraph, as follows:

1.

This defendant admits the allegations contained in Paragraph 1 upon information and belief.

2.

This defendant admits the allegations contained in Paragraph 2.

3.

This defendant denies that The Electric Power Association of Mississippi Group Benefits Trust is a Mississippi registered non-profit entity which may be served with process upon its registered agent, Michael Callahan. This defendant admits the remaining allegations contained in paragraph 3.

4.

This defendant admits that this Court has proper jurisdiction. It is denied that plaintiff is entitled to bring actions for the denial of benefits and breach of fiduciary duty and that plaintiff has properly brought those actions before this Court.

5.

This defendant admits the allegations contained in Paragraph 5.

6.

This defendant admits that plaintiff has been diagnosed with gastroparesis. This defendant is currently without information or knowledge sufficient to form a belief as to the truth of the remaining allegations and/or matter(s) asserted in Paragraph 6.

7.

This defendant admits that plaintiff had a gastric electric stimulator implanted on or about August 2005. This defendant admits that the Plan paid for all or a portion of the implantation. This defendant is currently without information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 7.

8.

This defendant is currently without information or knowledge sufficient to form a belief as to the truth of the matter(s) asserted in Paragraph 8.

9.

This defendant denies the allegations contained in Paragraph 9. This defendant would affirmatively state that plaintiff had a new stimulator implanted in or about 2007 which was partially covered by plaintiff's insurance.

10.

This defendant is currently without information or knowledge sufficient to form a belief as to the truth of the matter(s) asserted in Paragraph 10.

11.

This defendant admits that plaintiff's attorney-advocate contacted it requesting approval of the replacement of plaintiff's stimulator. This defendant also admits that plaintiff's medical records were provided to it, and that it forwarded those medical records to its claims administrator. The remaining allegations contained in Paragraph 11 are denied.

12.

This defendant is currently without information or knowledge sufficient to form a belief as to the truth of the matter(s) asserted in Paragraph 12.

13.

This defendant admits the allegations contained in Paragraph 13.

14.

This defendant is currently without information or knowledge sufficient to form a belief as to the truth of the matter(s) asserted in Paragraph 14.

15.

This defendant admits that plaintiff, through her attorney-advocate, contacted it regarding the status of plaintiff's insurance coverage. The remaining allegations contained in Paragraph 15 are denied.

16.

This defendant is currently without information or knowledge sufficient to form a belief as to the truth of the matter(s) asserted in Paragraph 16.

17.

This defendant is currently without information or knowledge sufficient to form a belief as to the truth of the matter(s) asserted in Paragraph 17.

18.

This defendant is currently without information or knowledge sufficient to form a belief as to the truth of the matter(s) asserted in Paragraph 18.

19.

This defendant denies the allegations contained in Paragraph 19.

20.

This defendant incorporates by reference its responses to Paragraphs 1-19, including all denials of liability as set forth herein.

21.

This defendant denies the allegations contained in Paragraph 21.

22.

This defendant denies the allegations contained in Paragraph 22.

23.

This defendant incorporates by reference its responses to Paragraphs 1-22, including all denials of liability as set forth herein.

24.

This defendant admits that it is a fiduciary under ERISA. This defendant denies that it is liable for a breach committed by someone else or some other entity. Further, this defendant denies that plaintiff is entitled to bring a claim against it for breach of fiduciary duty.

25.

To the extent that the allegations in Paragraph 25 are directed toward this defendant, this defendant denies those allegations.

26.

To the extent that the allegations in Paragraph 26 are directed toward this defendant, this defendant denies those allegations.

27.

To the extent that the allegations in Paragraph 27 are directed toward this defendant, this defendant denies those allegations.

28.

To the extent that the allegation in Paragraph 28 are directed toward this defendant, this defendant denies those allegations.

29.

In response to the final, unnumbered paragraph beginning with the words "WHEREFORE," this defendant denies that the plaintiff is entitled to judgment or any other relief against it, in any sum or sums whatsoever, and demands that plaintiff's Complaint be dismissed against it with prejudice, with all costs assessed against plaintiff.

And now, having responded to the allegations contained in plaintiff's Complaint, and having denied any and all liability in the premises, this defendant would show unto the court the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust all administrative remedies.

### SECOND AFFIRMATIVE DEFENSE

In the alternative, plaintiff cannot maintain a cause of action for breach of fiduciary duty because plaintiff is afforded an alternative remedy pursuant to Section 29 U.S.C. 1132(a)(1)(B).

### THIRD AFFIRMATIVE DEFENSE

This defendant is entitled to any and all defenses provided by Section 29 of the United States Code and/or ERISA.

### FOURTH AFFIRMATIVE DEFENSE

The sole proximate cause of the damages, if any, incurred by the plaintiff was the negligence of a person or entity other than this defendant and for whom this defendant can have no liability.

Alternatively, if it is found that this defendant and/or any other person or entity was comparatively negligent, then plaintiff's damages must be reduced in accordance with Mississippi's law of comparative negligence and/or Miss. Code Ann. § 85-5-7.

WHEREFORE PREMISES CONSIDERED, The Electric Power Associations of Mississippi Group Benefits Trust Plan, having denied any and all liability in the premises, demands that plaintiff's Complaint be dismissed against it with prejudice with all costs assessed against plaintiff.

          Respectfully submitted,

          THE ELECTRIC POWER ASSOCIATIONS OF MISSISSIPPI GROUP BENEFITS TRUST PLAN

          By: /s/Amanda M. Urbanek
              OF COUNSEL

AMANDA M. URBANEK – MSB # 100425
LARRY D. MOFFETT - MSB # 3401
DANIEL, COKER, HORTON & BELL, P.A.
265 NORTH LAMAR BLVD., SUITE R.
POST OFFICE BOX 1396
OXFORD, MISSISSIPPI 38655-1396
(662) 232-8979


BRADLEY HATHAWAY- MSB # 10203
CAMPBELL DELONG LLP
923 WASHINGTON AVE.
POST OFFICE BOX 1856 (38702)
GREENVILLE, MS 38701
(662) 335-6011

## **CERTIFICATE**

I, hereby certify that on December 28, 2009, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this Firm:

>Grady L. McCool, III, Esq.
>T.C.G. & McCool, PLLC
>120 North Congress Street, Suite 220
>Jackson, MS 39201
>
>Jeffrey D. Knight, Esq.
>P.O. Box 584
>Jackson, MS 39205
>
>Cheri D. Green, Esq.
>Brunini, Grantham, Grower & Hewes, PLLC
>P. O. Drawer 119
>Jackson, MS 39201

/s/Amanda M. Urbanek