UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TERRI PAIGE RILEY**                                                                                    **PLAINTIFF**

**VS.**                                                                                       **CAUSE NO. 3:09CV674HTW-LRA**

**BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI AND THE ELECTRIC
POWER ASSOCIATION OF MISSISSIPPI
GROUP BENEFITS TRUST**                                                                   **DEFENDANTS**

**BLUE CROSS BLUE SHIELD OF MISSISSIPPI,
A MUTUAL INSURANCE COMPANY'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Blue Cross Blue Shield of Mississippi, a Mutual Insurance Company files this Memorandum in Support of its Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, and requests that the Court enter an order granting summary judgment and dismissing all claims against Blue Cross. In support of its Motion, Blue Cross shows the following:

I. **Introduction and Background Facts**

The undisputed facts are simple. The Plaintiff underwent surgery in August 2005, to have a gastric electrical stimulation [GES] device implanted. Thereafter, in 2007, the Plaintiff underwent surgery again to have another GES implanted when the battery failed on the original device. Blue Cross was not the Third Party Administrator [TPA] of the Electrical Power Association of Mississippi Group Benefits Trust Plan in 2005 or 2007. In 2008, the Electrical Power Association of Mississippi Group Benefits Trust retained Blue Cross as the Plan's new TPA.

On July 31, 2009, the Plaintiff underwent additional surgery to have the battery replaced yet again.[1] Coverage was denied under the terms of the Plan.

Blue Cross, as the TPA, is not a proper party for this ERISA action. Therefore, there are no genuine issues of material fact to be decided at trial, and Blue Cross is entitled to summary judgment on all claims.

## II.     Summary Judgment for Blue Cross is Proper

In her Complaint, the Plaintiff contends Blue Cross and the Plan are liable for the costs of the surgery as well as for breach of fiduciary duties. The Plaintiff notes in her Complaint that her claims are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 *et seq.* (ERISA).[2]

Blue Cross, as the TPA, is not a proper party to this ERISA action  In other words, even if this Court were to find that Plaintiff's claims were covered by the Plan, Plan benefits are not the liability of the TPA, Blue Cross, but rather the Plan. Moreover, a fiduciary breach claim is either not available, as alleged under §502(a)(2), or barred because of the Plaintiff's claim for Plan benefits under §502(a). Under ERISA, the Plaintiff's claims would properly be characterized as a §502(a)(1)(b) claim for benefits.[3] Plaintiff cannot seek damages for benefits

---

[1] The GES has not been approved by the Food & Drug Administration for gastroparesis except for humanitarian purposes, which approval was obtained in 2000. Complaint ¶8 This exception means that the device is exempt from having to prove its effectiveness the FDA process.

[2] If the Plaintiff contends breach of fiduciary duty as a state law claim, which she does not appear to do, it would be preempted  because of the ERISA nature of the Plan. According to 29 U.S.C. § 1144(a) (Section 514 of ERISA), subject to certain exceptions, "ERISA preempts any and all state laws insofar as they relate to employee benefit plans." *Duckworth v. Saks, Inc.*, 276 F. Supp. 2d 592, 594 (S.D. Miss. 2003) (citing *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 244 (5th Cir. 1990)). The words "relate to" are given a broad meaning, "and the state law in question will be preempted if it has a connection with or reference to such plan." *Duckworth v. Saks, Inc.*, 276 F. Supp. 2d 592, 594 (S.D. Miss. 2003) (citing *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1219 (5th Cir. 1992) (citing *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 742 (1985); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983))).

[3] Complaint alleges §1132(a) damage relief, which by statute is §1132(a)(1)(B) allowing Plaintiff "to recover benefits due to him under the terms of his plan....".

under the Plan and at the same time seek damages for an alleged breach of an ERISA fiduciary duty. Consequently, the Plaintiff's damages are limited to the payment to the provider for the benefits that would have been due under the Plan, if covered.[4] However, as noted, even if covered, Blue Cross is not liable for Plan benefits. Accordingly, Blue Cross is entitled to dismissal.

### A.   BLUE CROSS, AS A THIRD PARTY ADMINISTRATOR, IS NOT A PROPER PARTY TO AN ERISA ACTION FOR BENEFITS.

Blue Cross's status as TPA is not in dispute, as even the Plaintiff admits in her Complaint that Blue Cross is the TPA. Complaint ¶2. Blue Cross's third party administrative duties were set forth in the Administrative Services Contract with the Group. Exhibit 1.

**PART 1—CLAIM ADMINISTRATOR'S RESPONSIBILITIES**

I. **SERVICES PROVIDED BY CLAIM ADMINISTRATOR**

  A. During the term of the Agreement, the Claim Administrator agrees to handle the administrative function involved with filing, processing, and payment of claims incurred on or after the Effective Date under the Plan. Claim Administrator's responsibilities under this Agreement are limited to those of a contract Claim Administrator rendering advice to and administering claims on behalf of GHP's administrator or fiduciary. As such, Claim Administrator is a service provider, and not a fiduciary with respect to GHP. Pursuant to this function the Claim Administrator will perform the following acts:

**PART 2—GROUP HEALTH PLAN'S RESPONSIBILITIES**

V. **RESPONSIBILITIES OF GHP**

  C. GHP has full discretionary authority to determine eligibility for benefits and or to construe the terms of the Plan.

---

[4] The Plaintiff seeks benefits in the amount of $43,364.27. Complaint ¶28. If successful, the Plaintiff would only be entitled to the benefits under the Plan, which means having the claims paid, and not direct payment to the Plaintiff.

**XI.   LIABILITY AND INDEMNITY**

   A.   GHP is contracting with the Claim Administrator only for the administrative services specifically listed in Article 1 of this Agreement. ==GHP retains the final authority for the payment of claims filed under the Plan, it being understood that the Claim Administrator functions in an administrative capacity only subject to the direction of GHP.== The parties agree that the Claim Administrator does not underwrite or insure the participants in the Plan and that the Claim Administrator is subject to the direction of GHP with respect to any questions regarding eligibility for payment, the amount of payment, and any controversy involving employees and dependents with respect to the Plan. GHP also retains the ultimate responsibility for all expenses incident to the Plan and for compliance with all federal and state laws except as specifically assumed in this Agreement by the Claim Administrator.

Administrative Services Contract pg 2, 8, 9 and 12.

Although the Plaintiff alleges Blue Cross is a fiduciary, this is not the case. Under §3(21)(A) an ERISA fiduciary is a person who (iii) "has any discretionary authority or discretionary responsibility in the administration of such plan...." The Plan had the discretionary authority or final authority to determine benefits.[5]

The law is settled and clear in the Fifth Circuit and its District Courts that Blue Cross, as a third party administrator, is not a proper party to an ERISA action seeking Plan benefits. Sikes v. Life Ins. Co. of North America, 2009 WL 4351474 (W.D. La. 2009).

> "[D]istrict courts within the Fifth Circuit have consistently held that the only proper defendant in an ERISA enforcement action is the plan itself, regardless of control over the plan." *Johnson v. Hartford Life and Accident Ins. Co.,* No. H-09-56, 2009 WL 540959, *3 (S.D.Tex. March 4, 2009) (citing *Lee v. Tyco Elec. Power Sys., Inc.,* No. 3:04-CV-2260-D, 2006 WL 1722569, *6-7 (N.D. Tex. June 20, 2006); *Metro Life Ins. Co. v. Palmer,* 238 F.Supp.2d 831, 835 (E.D.Tex.2002); *Murphy v. Wal-Mart Assoc. Group Health Plan,* 928 F.Supp. 700, 709 (E.D.Tex.1996)). ... Neither Musmeci **nor any other case in the Fifth Circuit has held that a third-party plan administrator that is not a plan's sponsor is a proper defendant.**[FN2] In this case, LINA is neither the employer nor the plans' sponsor. The Court finds that LINA is not a proper defendant to Sikes' ERISA claims.
>
> FN2. The Magistrate Judge cites *Haydel* and *Johnson* for the proposition that a plan administrator is a proper defendant. [Doc. No. 27, p. 13 (citing

---

[5] In the Fifth Circuit, a denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under an abuse of discretion standard where authority to determine eligibility for benefits or to construe the terms of the plan is granted. Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 100-01 (5th Cir.1993); Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 597-98 (5th Cir.1994)(abuse of discretion standard applied).

*Haydel v. Health Smart Benefit Solutions, Inc.,* No. 09-3032, 2009 WL 2856330 (E.D.La. Aug. 28, 2009); *Johnson v. Hartford Life & Accident Ins. Co.,* No. H-09-56, 2009 WL 540959 (S.D.Tex. Mar. 4, 2009)) ]. While both cases cite the law in other circuits, both decisions expressly hold that a plan administrator is not a proper defendant. *Haydel,* 2009 WL 2856330, *3 ("This Court agrees ... that 'the Plan is the only proper party defendant in an action brought pursuant to Section 1132(a)(1)(B) for recovery of Plan benefits.' "); *Johnson,* 2009 WL 540959, *3 ("[B]ecause defendant serves only an administrative role, and is neither the provider or insurer of the Plan, nor the Plan itself, any claim against defendant challenging the nonpayment of benefits under the ERISA-governed Plan must be dismissed.").

Sikes at *2 (emphasis added).

Accordingly, Blue Cross should be granted summary judgment.

### B. BLUE CROSS, AS A THIRD PARTY ADMINISTRATOR, IS NOT A PROPER PARTY TO AN ERISA ACTION FOR ALLEGED BREACH OF FIDUCIARY DUTY.

First, Blue Cross notes that the Plaintiff's complaint states a claim for breach of fiduciary duty under §1132(a)(2) [§502(a)(2)]. Complaint Second Count, pg 25-26. Section 502(a)(2) provides for actions for relief under §409. Section 409 provides for imposition of **personal** liability on a fiduciary "to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made... and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." *Id.* There are no "damages" available to the Plaintiff under this section. Recovery from a fiduciary under §1132(a)(2) [§502(a)(2)] is to the Plan's benefit, not the Plaintiff. *Murphy v. Wal-Mart Associates' Group Health Plan,* 928 F.Supp. 700, 710 (E.D. Tex 1996) (even if defendants were fiduciaries, plan participant could not recover damages under §501(a)(2), as the recovery would be to the plan); *Metropolitan Life Ins. v. Palmer,* 238 F. Supp.2d 826, 830 (E.D. Tex. 2002) (equitable relief available to the plan not the

individual under §1132(a)(2)); *McDonald v. Provident Indem. Life Inc. Co.*, 60 F.3d 234, 237 (5th Cir.1995) (claim for breach of fiduciary duty under §1132(a)(2) is based on harm to the plan, rather than harm to a particular individual).

The *Metropolitan Life* court noted that the plaintiff's claim under §1132(a)(2) did not make sense since relief was only available to the plan and not the individual. Thus, the court examined §1132(a)(3), which we do as well, and also find the claim is not available to this Plaintiff.

As a consequence of seeking benefits under §1132(a)(1)(B) [§502(a)(1)(B)], the Plaintiff is prohibited from bringing a claim for alleged breach of fiduciary duty. Specifically, "an ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available under [§ 1132]." *Rhorer v. Raythion Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 510-16 (1996); *Metropolitan Life Ins. v. Palmer*, 238 F. Supp.2d 826, 830 (E.D. Tex. 2002)) (After *Varity*, "it is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B) for benefits allegedly owed.").

> If "an insured has adequate redress for denied benefits through [the] right to bring suit under section 1132(a)(1), and if [the insured] is seeking the same relief that is available for a claim for benefits under section 1132(a)(1), [the insured] has no claim for breach of fiduciary duty under section 1132(a)(3), even if her claim under section 1132(a)(1) is subsequently lost on the merits." *Adams v. Prudential Ins. Co. of Am.*, No. 05-2041, 2005 WL 2669550, at *1 (S.D. Tex. Oct. 19, 2005) (observing that courts interpreting *Varity* have "consistently" reached the same result). In *Varity*, the Supreme Court emphasized that § 1132(a)(3) is a "catchall" provision that provides relief for injuries that are not otherwise adequately addressed under ERISA. 516 U.S. at 515, 116 S.Ct. 1065. Following this guidance, the Fifth Circuit has concluded that if a plaintiff can pursue plan benefits under § 1132(a)(1), the plaintiff has an adequate remedy and may not also pursue a claim under § 1132(a)(3). *See Rhorer*, 181 F.3d at 639 (upholding dismissal of the plaintiff's claim that the defendants breached their fiduciary duties by inadequate disclosures in the SPD because in addition to that claim, the plaintiff was "seeking to recover plan benefits under § 1132(a)(1)(B)" and "the

claim to recover plan benefits [wa]s the predominate cause of action in th[e] suit"); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because [plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of [s]ection 1132(a)(3) would be inappropriate.").

*Khan v. American Int'l Group, Inc.*, 2009 WL 2923048 at *8 (S.D. Tex. 2009).

Indeed, in *Fisher v. AIG Life Ins. Co.*, the plaintiff who brought a claim for benefits under §502(a)(1)(B) was specifically barred from bringing a fiduciary duty claim which claim was based on allegations of not providing him with adequate notice of certain ERISA rights, as is alleged by this Plaintiff. *Fisher*, 2009 WL 3029756 at *6 (N.D. Tex. 2009).

**Accordingly**, Blue Cross Blue Shield of Mississippi requests that summary judgment be entered in its favor against the Plaintiff, as there is no genuine issue of material fact.

This the 23rd day of February, 2010.

        Respectfully submitted,

        BLUE CROSS BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY

By:   *s/ Cheri D. Green*
        One of Its Attorneys

OF COUNSEL:
CHERI D. GREEN, BAR NO. 4988
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
1400 Trustmark Building
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101

## CERTIFICATE OF SERVICE

I hereby certify that I had electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record who are currently on the list to receive e-mail notices for this case.

This the 23rd day of February, 2010.

*s/ Cheri D. Green*
Cheri D. Green
