UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TERRI PAIGE RILEY**                                                                 **PLAINTIFF**

**VS.**                                                         **CAUSE NO. 3:09CV674HTW-LRA**

**BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI AND THE ELECTRIC
POWER ASSOCIATION OF MISSISSIPPI
GROUP BENEFITS TRUST**                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before this court is the Motion of Blue Cross and Blue Shield of Mississippi, a Mutual Insurance Company (hereinafter "Blue Cross") for summary judgment; said Motion was filed pursuant to Rule 56(a)[1] of the Federal Rules of Civil Procedure [Docket No. 13]. In her Complaint [Docket No. 1], plaintiff Terri Paige Riley asserts claims under the Employee Retirement Income Security Act of 1974, Title 29 U.S.C. § 1002 *et seq.* (ERISA) against the Electric Power Association of Mississippi Group Benefits Trust Plan (hereinafter "EPAM") and Blue Cross for denial of claims under Title 29 U.S.C. §1132(a)(1)(B)[2] and breach of fiduciary

---

[1]Rule 56(a) states:

> Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

[2]Section 1132(a)(1)(B) states:

> (a) Persons empowered to bring a civil action. A civil action may be brought--
>   (1) by a participant or beneficiary--
>     . . . .
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.
> . .

duty under Title 29 U.S.C. §1132(a)(2).[3]  In its motion challenging plaintiff's theory for benefits, Blue Cross contends:  1) that as the third party administrator of the self-funded ERISA plan it is not a proper party to this ERISA action;  and, 2) that the claim for breach of fiduciary duty under ERISA is barred, and, regardless, Blue Cross would not be a proper party as to that claim.  This court, in resolving this controversy, has been aided by the Plaintiff's Response [Docket No. 18], Blue Cross's Rebuttal [Docket No. 20], and the Administrative Record [Docket No. 29].  Additionally, this court heard oral arguments by all parties.

## I.  STATEMENT OF THE FACTS

The instant case presents a dispute over coverage pertaining to the implantation of a gastric electrical stimulation [GES] device in 2009.  Plaintiff and defendant differ on the question whether, under the circumstances here presented, plaintiff is entitled to benefits under the plan at issue.  Riley underwent surgery in August 2005, to have the GES device implanted.  Thereafter, in 2007, Riley underwent surgery again to have another GES implanted when the battery failed on the original device.

During this time, the EPAM operated under a different plan document and a third party administrator other than Blue Cross.  In 2008, EPAM retained Blue Cross as the third party administrator for a new Plan.  The Plan over which Blue Cross was third party administrator was an entirely new plan document, not simply a modification of the plan document under which benefits previously had been paid for the GES surgery.  The Plan itself is a self-funded ERISA-

---

[3]Section 1132(a)(2) provides:

    (a) Persons empowered to bring a civil action. A civil action may be brought--
. . . .
        (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409 [Title 29 USC § 1109]. . .

2

governed employee welfare benefit plan, as defined at Title 29 U.S.C. § 1002 *et seq.*

On July 31, 2009, the plaintiff underwent additional surgery to have the device replaced yet again. Blue Cross and EPAM contend coverage was properly denied under the terms of the Plan, as the GES is considered investigational under the specific terms of the Plan document and Blue Cross' Medical Policy, which is incorporated into the Plan document. The plaintiff admits that the GES has not been approved by the Food & Drug Administration for gastroparesis, except for humanitarian purposes, which approval was obtained in 2000.[4]  [Docket No. 1 at ¶8].

## II. STANDARD FOR SUMMARY JUDGMENT

The summary judgment standard for ERISA claims is unique because the Court acts in an appellate capacity reviewing the decisions of the administrator of the plan. In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 Led.2d 80 (1989), the United States Supreme Court discussed the two possible standards of review, *de novo* or abuse of discretion.

> [a] denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan….
> *Id.*

In this action, all parties are in agreement that the standard to be applied for review of the decision to deny benefits is abuse of discretion, since a denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under an abuse of discretion standard where authority to determine eligibility for benefits or to construe the terms of the plan is granted. *Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 100-01 (5th Cir.1993); *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 597-98 (5th Cir.1994)(abuse of discretion standard applied).

---

[4] This exception means that the device is intended to benefit patients by treating or diagnosing a disease that affects fewer than 4,000 patients in the United States. The labeling of the device must state the effectiveness of the device for the specific indication has not been demonstrated. 21 CFR 814 Subpart H - Humanitarian Devices. Medtronic Inc. obtained its "humanitarian device" exception in March 2000 [Administrative Record Docket 29 at BC248-249] and has yet to come out from under the exception.

Likewise, the court finds this is the proper standard in this action, as EPAM through the Administrative Services Contract "has full discretionary authority to determine eligibility for benefits and/or to construe the terms of the Plan." Administrative Record [Docket No. 29 at BC 130].

With respect to Blue Cross's Motion asserting it is not a proper party and that a breach of fiduciary duty claim is barred, the general Rule 56 standard applies as to the nature and character of Blue Cross' status in this situation, that is, whether that status was that of a claims administrator. The court should grant Blue Cross's Motion if "the pleadings, the discovery and disclosure materials on file, [which in this instance is the entire administrative record], …show that there is no genuine issue as to any material fact and that [Blue Cross] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007). In determining whether a genuine dispute exists as to any material fact, the court must consider all of the evidence in the record, while refraining from making any credibility determinations or weighing the evidence. *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The court will make all reasonable inferences in favor of Riley, the non-moving party, *Reeves,* 530 U.S. at 150; "however, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner,* 476 F.3d at 343 (citing *Little v. Liquid Air Corp.* 37 F.3d 1069, 1075 (5th Cir. 1994)).

### III.    BLUE CROSS, AS A THIRD PARTY ADMINISTRATOR, IS NOT A PROPER PARTY TO AN ERISA ACTION FOR BENEFITS.

Blue Cross' status as a third party administrator is not in dispute. Riley herself asserts in her Complaint that Blue Cross is the "Third Party Administrator." [Docket No. 1 at ¶2]. Blue Cross' third party administrator duties are set forth in the Administrative Services Contract with

4

EPAM.

In particular, Blue Cross as third party administrator has certain duties which are limited by what has been retained by the Plan:

- Claim Administrator's responsibilities under this Agreement are limited to those of a contract Claim Administrator rendering advice to and administering claims on behalf of [EPAM's] administrator or fiduciary

- [EPAM] has full discretionary authority to determine eligibility for benefits and or to construe the terms of the Plan.

- [EPAM] retains the final authority for the payment of claims filed under the Plan, it being understood that the Claim Administrator functions in an administrative capacity only subject to the direction of [EPAM].

Administrative Services Agreement [Docket No. 29 at BC 123, 129-130 and 133].

The law is settled and clear in the Fifth Circuit and its District Courts that Blue Cross, as a third party administrator only, is not a proper party to an ERISA action seeking plan benefits. *Sikes v. Life Ins. Co. of North America*, 2009 WL 4351474 (W.D. La. 2009).

> "[D]istrict courts within the Fifth Circuit have consistently held that the only proper defendant in an ERISA enforcement action is the plan itself, regardless of control over the plan." *Johnson v. Hartford Life and Accident Ins. Co.,* No. H-09-56, 2009 WL 540959, *3 (S.D.Tex. March 4, 2009) (citing *Lee v. Tyco Elec. Power Sys., Inc.,* No. 3:04-CV-2260-D, 2006 WL 1722569, *6-7 (N.D. Tex. June 20, 2006); *Metro Life Ins. Co. v. Palmer,* 238 F.Supp.2d 831, 835 (E.D. Tex. 2002); *Murphy v. Wal-Mart Assoc. Group Health Plan,* 928 F.Supp. 700, 709 (E.D.Tex.1996)). … Neither Musmeci **nor any other case in the Fifth Circuit has held that a third-party plan administrator that is not a plan's sponsor is a proper defendant.**[FN2] In this case, LINA is neither the employer nor the plans' sponsor. The Court finds that LINA is not a proper defendant to Sikes' ERISA claims.
>
> > FN2. The Magistrate Judge cites *Haydel* and *Johnson* for the proposition that a plan administrator is a proper defendant. [Doc. No. 27, p. 13 (citing *Haydel v. Health Smart Benefit Solutions, Inc.,* No. 09-3032, 2009 WL 2856330 (E.D.La. Aug. 28, 2009); *Johnson v. Hartford Life & Accident Ins. Co.,* No. H-09-56, 2009 WL 540959 (S.D.Tex. Mar. 4, 2009)) ]. While both cases cite the law in other circuits, both decisions expressly hold that a plan administrator is not a proper defendant. *Haydel* 2009 WL 2856330, *3 ("This Court agrees ... that 'the Plan is the only proper party

5

>  defendant in an action brought pursuant to Section 1132(a)(1)(B) for recovery of Plan benefits.' "); *Johnson,* 2009 WL 540959, *3 ("[B]ecause defendant serves only an administrative role, and is neither the provider or insurer of the Plan, nor the Plan itself, any claim against defendant challenging the nonpayment of benefits under the ERISA-governed Plan must be dismissed.").

Sikes at *2 (emphasis added).

This court hereby finds that Blue Cross, as third party administrator, is not a proper party to the claim for benefits under §1132(a)(1)(B).

### IV.     RILEY'S CLAIM FOR ALLEGED BREACH OF AN ERISA PLAN'S FIDUCIARY DUTY IS BARRED AS TO EPAM AND BLUE CROSS

Riley asserts a claim for breach of fiduciary duty against EPAM and Blue Cross under §1132(a)(2) [§502(a)(2)]. [Docket No. 1 at pp. 25-26]. Although Riley alleges Blue Cross is a fiduciary, this is not the case. Under §3(21)(A) an ERISA fiduciary is a person who (iii) "has any discretionary authority or discretionary responsibility in the administration of such plan...." EPAM clearly retained discretionary authority and final authority to determine benefits. Thus, even if Riley were entitled to pursue a claim for breach of fiduciary duty, which she is not, Blue Cross would be entitled to summary judgment as the court finds Blue Cross is not an ERISA fiduciary.

The court further finds that Riley cannot bring a claim for breach of fiduciary duty against either defendant. Section 1132(a)(2) [§502(a)(2)] provides for actions for relief under §1109 [§409]. Section 1109 [§409] provides for imposition of personal liability on a fiduciary "to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made… and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." *Id*. Recovery from a fiduciary under §1132(a)(2) [§502(a)(2)] is to a plan's benefit,

6

not the plaintiff's. *Murphy v. Wal-Mart Associates' Group Health Plan*, 928 F.Supp. 700, 710 (E.D. Tex 1996) (even if defendants were fiduciaries, plan participant could not recover damages under §501(a)(2), as the recovery would be to the plan); *Metropolitan Life Ins. v. Palmer*, 238 F. Supp.2d 826, 830 (E.D. Tex. 2002) (equitable relief available to the plan not the individual under §1132(a)(2)); *McDonald v. Provident Indem. Life Inc. Co.*, 60 F.3d 234, 237 (5th Cir.1995) (claim for breach of fiduciary duty under§1132(a)(2) is based on harm to the plan, rather than harm to a particular individual).

The *Metropolitan Life* court noted that the plaintiff's claim under §1132(a)(2) did not make sense since relief was only available to the plan and not the individual. Thus, the court examined §1132(a)(3)[5], which this Court does as well, and also finds the claim is not available to Riley.

As a consequence of seeking benefits under §1132(a)(1)(B) [§502(a)(1)(B)], Riley is prohibited from bringing a claim for a breach of fiduciary duty. Specifically, "an ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available under [§1132]." *Rhorer v. Raythion Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 510-16 (1996); *Metropolitan Life Ins. v. Palmer*, 238 F. Supp.2d 826, 830 (E.D. Tex. 2002)) (After *Varity,* "it is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B) for benefits allegedly owed.").

---

[5]Section 1132(a)(3) states:

>(a) Persons empowered to bring a civil action. A civil action may be brought--
>. . . .
>  (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan. . .

7

> If "an insured has adequate redress for denied benefits through [the] right to bring suit under section 1132(a)(1), and if [the insured] is seeking the same relief that is available for a claim for benefits under section 1132(a)(1), [the insured] has no claim for breach of fiduciary duty under section 1132(a)(3), even if her claim under section 1132(a)(1) is subsequently lost on the merits." *Adams v. Prudential Ins. Co. of Am.*, No. 05-2041, 2005 WL 2669550, at *1 (S.D. Tex. Oct. 19, 2005) (observing that courts interpreting *Varity* have "consistently" reached the same result). In *Varity*, the Supreme Court emphasized that § 1132(a)(3) is a "catchall" provision that provides relief for injuries that are not otherwise adequately addressed under ERISA. 516 U.S. at 515, 116 S.Ct. 1065. Following this guidance, the Fifth Circuit has concluded that if a plaintiff can pursue plan benefits under § 1132(a)(1), the plaintiff has an adequate remedy and may not also pursue a claim under § 1132(a)(3). *See Rhorer*, 181 F.3d at 639 (upholding dismissal of the plaintiff's claim that the defendants breached their fiduciary duties by inadequate disclosures in the SPD [Summary Plan Description] because in addition to that claim, the plaintiff was "seeking to recover plan benefits under § 1132(a)(1)(B)" and "the claim to recover plan benefits [wa]s the predominate cause of action in th[e] suit"); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because [plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of [s]ection 1132(a)(3) would be inappropriate.").

*Khan v. American Int'l Group, Inc.*, 2009 WL 2923048 at *8 (S.D. Tex. 2009).

Indeed, in *Fisher v. AIG Life Ins. Co.*, the plaintiff who brought a claim for benefits under §1132(a)(1)(B) [§502(a)(1)(B)] was specifically barred from bringing a fiduciary duty claim which claim was based on allegations of not providing him with adequate notice of certain ERISA rights, as is alleged by Riley in her response papers. *Fisher*, 2009 WL 3029756 at *6 (N.D. Tex. 2009).

### V.  CONCLUSION

This court hereby grants the summary judgment motion of Blue Cross and Blue Shield of Mississippi and the Electric Power Association of Mississippi Group Benefits Trust Plan on the claim for breach of fiduciary duty under §1132(a)(2), as Riley does not bring this claim for the benefit of the Plan, but for her own alleged damages and having brought a claim for benefits under §1132(a)(1)(B), she is barred from bringing this separate action.

8

Further, this court hereby grants the summary judgment motion of Blue Cross and Blue Shield of Mississippi on the claim for benefits under §1132(a)(1)(B), as Blue Cross is not a proper party.

The court will enter a final judgment in accordance with the local rules.

**SO ORDERED AND ADJUDGED, this the 21st day of July, 2011.**

                         **s/ HENRY T. WINGATE**
                         **UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:09cv674 HTW-LRA
Memorandum Opinion and Order Granting Summary Judgment